NORTHERN AUTO CO. *v.* RINK.

1. APPEAL AND ERROR—SUPREME COURT WILL NOT CONSIDER QUESTION WHERE NO PREJUDICE RESULTED.

Where the record shows that defendant, in a counterclaim, had been claiming $350 damages caused to his automobile by a collision with plaintiff's car, but that after he had been forced to admit that he had received $250 from an insurance company he asked to recover only his damages over and above that amount, and the jury returned a verdict in favor of plaintiff, the Supreme Court, on error, will not consider defendant's right to recover for the entire damage to his car or the right of plaintiff's counsel to ask him whether he represented anybody but himself in said counterclaim, which brought about his forced admission, since he was in no way prejudiced thereby.[1]

2. NEGLIGENCE—CONFLICTING TESTIMONY—TRIAL—INSTRUCTIONS.

In an action for damages caused by a collision between plaintiff's and defendant's automobiles, in which plaintiff's claim was met by defendant's counterclaim, and the testimony was very conflicting as to how the collision occurred, the instructions of the trial court submitting the claims of the parties to the jury, *held*, without error.[2]

3. SAME—EVIDENCE—GREAT WEIGHT OF EVIDENCE—NEW TRIAL.

The conclusion of the trial court that the verdict in favor of plaintiff was not against the great weight of the evidence, *held*, correct.[3]

Error to Emmet; Shepherd (Frank), J. Submitted October 21, 1924. (Docket No. 120.) Decided December 10, 1924.

Case by the Northern Auto Company against Joseph A. Rink for damages to plaintiff's automobile. Judg-

[1]Appeal and Error, 4 C. J. § 2878; [2]Negligence, 29 Cyc. p. 633; [3]Appeal and Error, 4 C. J. § 2875.

ment for plaintiff.    Defendant brings error.    Affirmed.

*Kerr & Lacey* and *Clink & Williams,* for appellant.

*B. H. Halstead,* for appellee.

SHARPE, J.    Both plaintiff's and defendant's automobiles were injured in a collision between them. Plaintiff's claim for damages was met by the counterclaim of defendant.    Defendant reviews a judgment entered on a verdict for plaintiff for $250 by writ of error.

1. On cross-examination defendant was asked: "Do you represent anybody besides yourself in the part of this action which involves your claim against the Northern Auto Company?"    In the discussion following an objection to this question (the jury being absent during the greater part of it), it appeared that defendant was carrying liability insurance and had been paid the amount of his loss less $100.    His counsel asked the jury to find a verdict in his favor for but that amount.    Prior to the asking of the question above quoted, defendant had shown that the damage to his car was $350, and there had been no intimation that he was willing to limit his recovery to $100. On the record as made, defendant was in no way prejudiced by his forced admission that he had received $250 from an insurance company, as he asked to recover only his damage over and above that amount.    We therefore need not further consider his right to recover for the entire damage done to his car or the right of plaintiff's counsel to ask the question objected to.

2. The claims of the parties as to how the collision occurred, as to which the testimony was very conflicting, were submitted to the jury in instructions in which we discover no error.

3. The trial judge concluded that the verdict was not against the great weight of the evidence, and with this conclusion we agree.

The judgment is affirmed.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.